**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1663
_____

PAIGE E. LESHER,
                    Appellant

v.

CLARK ZIMMERMAN, In his individual capacity;
HAMBURG AREA SCHOOL DISTRICT
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-17-cv-04731)
District Judge: Hon. Joseph F. Leeson, Jr.
_____

Submitted under Third Circuit L.A.R. 34.1(a)
January 22, 2020
_____

Before: AMBRO, MATEY, and FUENTES, *Circuit Judges*.

(Opinion filed: August 10, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FUENTES, *Circuit Judge*.

In this 42 U.S.C. § 1983 case, appellant Paige E. Lesher appeals the District Court's grant of appellees' Clark Zimmerman and the Hamburg Area School District (the "School District," and collectively, "Appellees") motions to dismiss the Amended Complaint. Lesher's Amended Complaint alleges that Zimmerman caused injuries during a high school softball practice that violated Lesher's "constitutional right to be free from bodily harm and . . . her right to bodily integrity" under the Fourteenth Amendment Due Process Clause.[1] In violating her due process rights, Lesher contends that Zimmerman's actions gave rise to a state-created danger because (i) the harm he caused was foreseeable and fairly direct; and (ii) he acted with deliberate indifference. Lesher further claims that the School District is liable for its failure to adequately discipline Zimmerman under *Monell v. Department of Social Services of City of New York.*[2] In opposition, Zimmerman contends that Lesher failed to adequately plead a state-created danger claim and therefore, he is entitled to qualified immunity. Likewise, the School District argues that Lesher failed to plead factually plausible allegations to establish *Monell* liability.

We conclude that Lesher has failed to adequately plead a claim for state-created danger. And the *Monell* claim against the School District is dismissed as a matter of law. As such, we will affirm the District Court's decision to dismiss the Amended Complaint for the following reasons.

---

[1] School District Br. 5.
[2] 436 U.S. 658 (1978).

2

# I.

Lesher, then a senior student and pitcher on the Hamburg Area High School varsity softball team, was warming up for practice one day in the pitcher's mound. At the same time, Zimmerman, then teacher and softball coach, approached Lesher and directed her to pitch to him. Although Zimmerman had never asked Lesher to pitch to him before, Lesher obliged. When she pitched the ball, Zimmerman took a full swing and hit a line drive straight at Lesher, who was not standing behind a pitcher's protective screen or wearing a mouth guard. The ball hit Lesher directly in the face, causing serious injuries, including the loss of four teeth and a fractured jaw. These injuries required at least eight surgical procedures and several root canals.

Following the incident, Lesher filed a lawsuit under § 1983 against Zimmerman, in his individual capacity, and the School District. Appellees moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The motions to dismiss were granted, and Lesher was given leave to file an Amended Complaint. In her Amended Complaint, Lesher alleges a state-created danger claim under the Fourteenth Amendment Due Process Clause against Zimmerman, and that the School District is liable under a *Monell* claim for failing to discipline Zimmerman and allowing a custom of unsafe practices to take place.

Appellees moved to dismiss the Amended Complaint. The District Court granted the motions with prejudice. Lesher filed this timely appeal.

II.

The District Court exercised subject matter jurisdiction over Lesher's § 1983 claim pursuant to 28 U.S.C. § 1331 and § 1343. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review of a denial of a motion to dismiss under Rule 12(b)(6).[3] When evaluating a ruling on a motion to dismiss, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."[4] A claim is said to have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A defendant has the burden of showing that the plaintiff's complaint fails to adequately state a claim in which relief can be granted.[6]

III.

Lesher raises two arguments on appeal. First, that because the District Court failed to give her the benefit of reasonable inferences from her alleged facts, it erred by holding that Lesher did not adequately establish two elements of her state-created danger claim: foreseeability and deliberate indifference. Second, that the District Court erred in holding that the *Monell* claim against the School District was inadequately pled. We address each point in turn.

---

[3] *Bruni v. City of Pittsburgh,* 824 F.3d 353, 360 (3d Cir. 2016).
[4] *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).
[5] *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).
[6] *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

4

## A.

In order to successfully plead a state-created danger claim, Lesher needed to allege that:

> (1) the harm ultimately caused [by the state actor's conduct] was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.[7]

Lesher has failed to plead facts sufficient to find the first two elements of a state-created danger claim.

Foreseeability requires the plaintiff to "allege an awareness on the part of the state actors that rises to [the] level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm."[8] In an attempt to satisfy the foreseeability element, Lesher alleges that Zimmerman and his assistant coaches "routinely used a protective pitching screen for their own protection when pitching batting practice to members of the team," and "at the time of [Lesher's] injuries, there was a growing trend in high school and collegiate girls' softball for pitchers to wear protective face masks when pitching."[9] She also alleges that the School District's handbook contemplated harm, such as that experienced by Lesher, when it prohibited

---

[7] *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 170-71 (3d Cir. 2017) (quoting *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006)).
[8] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 238 (3d Cir. 2008).
[9] Appellant Br. 13.

male players from playing on women's teams due to the physical differences, including size, power and speed, between male and female athletes.

For many of the reasons explained by the District Court, these allegations are insufficient to establish foreseeability. Specifically, Lesher does not allege any prior incidents in which coaches or players were injured while pitching, nor facts indicating that pitching screens actually prevented any softball related injuries. Moreover, players and coaches have different roles, and the use of a pitching screen by a coach does not show foreseeability of harm to a player. Similarly, the School District's handbook regulates participation of male athletes on female sports teams, and is silent on participation of male coaches during practice. Finally, the recent trend for some softball pitchers to wear protective masks does not show the harm or risk of Lesher's injury was "foreseeable and fairly direct." As stated, Lesher does not allege any other instances of injury caused by Zimmerman while batting, nor any prior incidents with similar circumstances. As such, even in the light most favorable to Lesher, we cannot conclude that she has pled sufficient facts to show that Zimmerman was on notice of the harm.

As to the second element of a state-created danger claim, whether the state actor acted with a degree of culpability that shocks the conscience, the inquiry is case specific.[10] Here, the District Court correctly determined that Lesher need only demonstrate deliberate indifference because Zimmerman had the opportunity to deliberate, rather than being forced into a "split-second" decision.[11] Accordingly, we

---

[10] *Mann*, 872 F.3d at 171.
[11] *Id.*

6

evaluate whether Zimmerman's behavior shocks the conscience by demonstrating a deliberate indifference to the risk of harm.[12]

In the absence of a foreseeable risk, Lesher has necessarily failed to plead deliberate indifference.[13] Even if the harm was foreseeable, Lesher has failed to sufficiently allege that Zimmerman was deliberately indifferent. Considering the typical risks associated with playing softball, as unfortunate as Lesher's injuries are, they are the type that can be reasonably contemplated when participating in such sporting activities.[14] As such, Zimmerman's conduct cannot be considered so deliberately indifferent so as to shock the conscience, and Lesher has insufficiently pled her state-created danger claim.

B.

A municipality, such as the School District, can face civil liability "under § 1983 only where the municipality itself causes the constitutional violation at issue."[15] A

---

[12] *Sanford v. Stiles*, 456 F.3d 298, 310-11 (3d Cir. 2006).

[13] *Mann*, 872 F.3d at 171; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 910 (3d Cir. 1997) (holding that because "the notion of deliberate indifference contemplates a danger that must at least be foreseeable," defendant cannot be said to have ignored a foreseeable risk or danger if plaintiff has not shown the existence of such a risk).

[14] *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 258 (3d Cir. 2010) ("Life is fraught with risk of serious harm and the sports world is no exception."); *compare Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 641 (3d Cir. 2015) (finding that even intentional physical contact in the school-athletic setting "will rarely make out a constitutional violation" because "blatantly excessive punishment is far afield from the typical risks that are associated with participation in athletic activities") *and Davis v. Carter*, 555 F.3d 979, 984 (11th Cir. 2009) (finding no constitutional violation stemming from student-athlete's death after rigorous football practice), *with Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 252 (2d Cir. 2001) (finding no qualified immunity where gym teacher picked up student by his throat and rammed his head into bleachers and a fuse box).

[15] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95).

plaintiff can establish § 1983 liability of a municipality two ways: by establishing a custom or policy.[16] The established custom or policy, however, must be "the 'moving force' behind the injury alleged."[17] Policies include "a statement, ordinance, regulation, or decision officially adopted and promulgated by [a government] body's officers," while a custom is a permanent and well-established practice.[18] Additionally, a municipality can only be held liable under § 1983 for failing to adequately train employees when its "failure . . . in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants . . . ."[19]

Because we conclude that there has been no violation of Lesher's constitutional rights, the claims against the School District must be dismissed as a matter of law.[20] Even if this were not the case, Lesher has failed to show that the School District caused the alleged constitutional violation.

Lesher's allegations against the School District fall within two categories: (1) failing to discipline Zimmerman and other athletic coaches when they allegedly engaged in unsafe practices; and (2) failing to ensure Zimmerman utilized safety equipment during practices.

As stated by the District Court, Lesher's allegations that the School District had knowledge of prior incidents involving Zimmerman are largely legal conclusions that are

---

[16] *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007).

[17] *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 397 (1997).

[18] *Monell*, 436 U.S. at 690.

[19] *Harris*, 489 U.S. at 389.

[20] *See Sanford*, 456 F.3d at 314 (holding that "in order for municipal liability to exist, there must still be a violation of the plaintiff's constitutional rights").

not entitled to a presumption of truth.[21]  Moreover, the prior incidents that Lesher references in her Amended Complaint either involved different sports with different coaches, or complaints against Zimmerman that are unrelated to the misuse of safety equipment, and are otherwise dissimilar to the incident in question here.  None of these prior incidents show that a School District custom or policy led to Lesher's injuries.

IV.

Lesher's injuries are certainly regrettable.  However, our decision cannot be guided by sympathy, rather, it must be rooted in the law.  As such, we will affirm the judgment of the District Court for the foregoing reasons.

---

[21]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).